## UNION STONE Co. *v.* ALLEN and others.*

*'Circuit Court, E. D. Pennsylvania.* November 17, 1882.)

1. PATENTS—IMPROVEMENT UPON FORMER INVENTION—INFRINGEMENT.
   An addition, even though an improvement, made to a patented invention, does not confer upon a subsequent patentee the right to use the device described in the former patent.

2. SAME—OIL-STONE HOLDERS.
   The patent (No. 102,218) for oil-stone holders is infringed by the patent (No. 224,970,) for hand tools for dressing millstones, even though the latter may be an improvement upon the former by the addition of a bar back of the stone.

In Equity. Hearing on bill, answer, and proofs.

Bill to restrain an alleged infringement of patent No. 102,218, issued April 26, 1870, to Homer Brown, for an improvement in oil-stone holders, assigned to complainant. Respondents denied that complainant's patent possessed any patentable novelty over the well-known joiners' and carpenters' bench vise, and also denied the alleged infringement, and alleged that une device made and sold by respondents was constructed under letters patent No. 224,970, issued February 24, 1880, to William L. Tetter, one of the respondents, for an improvement in hand tools for dressing millstones, which, they claimed, did not include the "pointed feet" described in complainant's patent, and was further distinguished by having a detachable handle and also a solid-metal plate between and in contact with the block and the clamping-rod.

*George E. Betton,* for complainant.

*Joseph P. Gross,* for respondents.

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

BUTLER, D. J.   Little need be said in disposing of this case.   The plaintiff's patent is for an "improvement in oil-stone holders."   The presumption of novelty, arising from the letters, is not overcome by anything shown.   A comparison of the two holders—plaintiff's and defendant's—leaves no room to doubt that the latter contains the elements of the former.   The use for which the defendant's "tool," as he denominates it, is intended, is unimportant, as is also the manner of using it.   The plaintiff is entitled to every use to which his invention may be applied.   The defendant cannot have the benefit of the plaintiff's holder, even though he may have improved it by the addition of a bar, back of the stone.   It would be unprofitable to discuss the law or testimony of the case at greater length

The plaintiff must have a decree.